**Harry WHEELER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 05–CF–716, 07–CO–637.**

District of Columbia Court of Appeals.

Jan. 4, 2010.

Before RUIZ and BLACKBURNE-RIGSBY, Associate Judges, and FERREN, Senior Judge.

**ORDER**

PER CURIAM.

The government's petition for rehearing is granted to the extent that the division opinion affirming appellant's convictions is modified in *Wheeler v. United States,* 977 A.2d 973 (D.C.2009) to the limited extent that follows:

1. On page 985, second column, the first full sentence shall be amended to read in part (with addition shown in bold):

"Every juror found, at the very least, that Wheeler had joined a criminal conspiracy **to commit murder** with an unknown co-conspirator ...."

2. On page 986, second column, the first full sentence shall be amended to read in part (with addition shown in bold):

"Thus, **as elaborated in note 34, supra,** without a conspiracy, a jury finding on count two ...."

3. On page 986, footnote 34 shall be amended to read in part (with additions shown in bold):

".... Although PFCV apparently may be characterized as a "general intent" crime, see note 11, *supra,* our recent decision in *Lancaster* **necessarily** required the same criminal intent for an aider and abettor of PFCV as for the principal. **Because** "specific steps to assist .... **in the actual possession of firearms," not mere** " 'general participation in the criminal venture,' " **will be necessary "to prove aiding and abetting of the possessory firearms offense,"** *id.* at 174, 175 (italics omitted), **the charged aider and abettor will have to know and intend the steps taken, amounting to the same mental state required of the principal. No coherent, conceptually sound**

argument can be made that the required specific steps—inherently purposeful as they must be—can be merely the "natural" or "reasonably foreseeable" consequence of (*i.e.*, a mere negligent reaction to) the principal's action. *Lancaster*, therefore, necessarily implies a requirement that the trial court apply *Wilson–Bey* to PFCV and instruct accordingly. As a result, *Lancaster* makes clear that *Wilson–Bey* is not limited to specific intent crimes—a conclusion that this court reached implicitly last year in *Coleman v. United States*, 948 A.2d 534 (D.C. 2008). . . ."